O'Connell, Respondent, vs. New York Life Insurance Company, Appellant.

*December 3, 1935—January 7, 1936.*

62

For the appellant there was a brief by *Bundy, Beach & Holland* of Eau Claire, and oral argument by *E. B. Bundy*.

For the respondent the cause was submitted on the brief of *Alexander Wiley* of Chippewa Falls.

WICKHEM, J. The evidence is not in dispute. Thomas O'Connell was a plumber. On July 12, 1932, he was working on the construction of a sewer in Chippewa Falls. His

work consisted of laying the sewer pipe. The trench in which the sewer was laid was eight feet deep and approximately three feet wide. The temperature was about one hundred and ten degrees. The air was muggy and close. After some hours of work in this ditch, O'Connell returned to the plumbing shop and shortly thereafter collapsed and fell, striking his head at the base of the skull. Within twenty-four hours he developed pneumonia from which he died.

It is conceded that the blow on the head was not sufficient to cause or even materially contribute to his death, and also that the pneumonia was induced by heat prostration. The sole question in this case is whether heat prostration satisfies the policy requirement that death or bodily injury be "effected solely through external, violent and accidental cause." If it does, the policy applies and the judgment below was correct.

The following rules may be said to be well established in relation to this subject:

(1) That courts have made no distinction between sunstroke and heat prostration, however different their medical effects may be.

(2) That the weight of authority and the best-considered cases hold that injuries resulting from heat prostration or sunstroke are not only accidentally effected but produced by accidental means. See 17 A. L. R. 1197; 61 A. L. R. 1197.

While the United States supreme court in the case of *Landress v. Phœnix Mut. Life Ins. Co.* 291 U. S. 491, 54 Sup. Ct. 461, appears to take a different view, this court has heretofore followed the rule defended by Mr. Justice CARDOZO in his dissenting opinion in the *Landress Case.* *Wiger v. Mutual Life Ins. Co.* 205 Wis. 95, 236 N. W. 534; *Fehrer v. Midland Casualty Co.* 179 Wis. 431, 190 N. W. 910; *Fox Wisconsin Corp. v. Century Ind. Co.* 219 Wis. 549, 263 N. W. 567.

The test applicable to such cases is thus stated in the *Wiger Case, supra:*

"It is our conclusion that the term 'accidental means' must be interpreted according to the usage of the average man. . . ."

In the same case, the following statement of Judge CARDOZO was approved:

" ' . . . But our point of view in fixing the meaning of this contract must not be that of the scientist. It must be that of the average man. . . . This test—the one that is applied in the common speech of men—is also the test to be applied by courts.' "

Applying this test to the undisputed facts of this case, we entertain no doubt that the death of insured was effected solely through external, violent, and accidental cause, and that the double-indemnity clause is applicable to the situation.

While the cause was submitted to the jury and a verdict rendered for defendant, we discover no jury issue that would constitute a barrier to judgment notwithstanding the verdict. The facts were not in dispute and there could be no reasonable difference of opinion as to the proper inferences to be drawn from these facts.

*By the Court.*—Judgment affirmed.