Herthel, Respondent, vs. Time Insurance Company, Appellant.

*January 8—April 28, 1936.*

For the appellant there was a brief by *Rouiller, Dougherty, Arnold & Kivett,* and oral argument by *Michael H. Keelan,* all of Milwaukee.

For the respondent there was a brief by *Wurster & Schein-feld,* and oral argument by *William B. Collins,* all of Milwaukee.

The following opinion was filed March 3, 1936:

FOWLER, J. The appellant contends that the findings of the jury that, (1) the deceased "received an injury through external violence or accidental means," and that (2) such injury "was a sole cause of the insured's death" are not sustained by the evidence.

The coverage clause of the policy in suit was somewhat broader than those commonly involved in the adjudicated cases, and insured against loss from death resulting from "personal bodily injury . . . effected directly and independently of all other causes through accidental means, and which injury causes total and continuous inability to engage in any and every kind of business or labor." The phrases "through external violence" and "directly or indirectly," commonly used in accident policies, do not occur in the clause. That the deceased suffered a heart injury while pulling up the boat is undisputed, so that the only question involved in (1) is, Was the injury sustained "through accidental means?" The deceased never recovered from the injury sustained while pulling up the boat, and died as a result thereof three days after receiving it. The injury was thus caused "directly" by the accidental means found, if that finding can be sustained, and the disability caused was "total and continuous." So that the only fact to be determined by question (2) was whether the "accidental means" found by question (1) was the sole cause of the heart injury. To the word "sole" in this question must be attributed the meaning of the words of the coverage clause "independently of all other causes."

(1) Whether the finding of the jury upon the first question submitted to the jury is supported by the evidence we shall not determine or discuss at any length. The meaning of the phrase "accidental means" in the policy has been con-

sidered in a multitude of adjudicated cases. The injury in the instant case was due to a strain on the heart. There are numerous cases to the point that a strain sustained through physical exertion voluntarily undertaken, as a result of which a blood vessel bursts or other similar injury occurs, is not an "accidental means" within the policy. The point of these cases is that, while by the dictionaries anything that is unforeseen or unexpected is an accident, it is not an unexpected or unforeseen result that the policy contemplates, and covers but an unexpected or unforeseen means. The argument is that the means—physical exertion—being voluntarily assumed, it is not unexpected or unforeseen, although an unexpected and unforeseen result follows. *A priori*, this view is not in accord with the ruling in the heat prostration and carbon-monoxide gas cases recently decided by this court. *O'Connell v. New York Life Ins. Co.* 220 Wis. 61, 264 N. W. 253; *Wiger v. Mutual Life Ins. Co.* 205 Wis. 95, 236 N. W. 534. These cases and the gas, germ, and like cases on which the ruling therein is based, involved a means existing wholly independently of the voluntary acts of the insured, the intensity, amount, or presence of which was unknown to him, and this may perhaps so distinguish these cases from the cases involving physical effort voluntarily assumed as to leave the general and apparently the universal rule of those cases applicable in this jurisdiction as elsewhere.

(2) The point of the second question of the verdict is, Must the condition of the heart that existed at the time of the immediate injury to it here involved be considered to have operated causally to produce that injury, so as to prevent the "accidental means" found, assuming it to have sufficient support in the evidence, from being considered as the sole cause? This court ruled in *Cretney v. Woodmen Accident Co.* 196 Wis. 29, 32, 219 N. W. 448, that:

". . . When at the time of the accident there was an existing disease, which, co-operating with the accident, resulted

in the injury or death, the accident cannot be considered as the sole cause" of the death.

A note is there cited in 34 L. R. A. (N. S.) 445, which states a multitude of cases supporting the rule as stated. Several other cases supporting it are stated in a note in 52 L. R. A. (N. S.) 1203. In the *Cretney Case, supra,* the insured stumbled while carrying a heavy timber, and the additional strain incident to the stumbling caused blood vessels in a cancer in his stomach to burst, which resulted in his death. Death from the cancer would have ensued shortly without the accidental stumbling. The only feature to distinguish the instant case from the *Cretney Case* on this point is that without the strain herein involved the insured might, barring other strain, have continued to live for a long time.

In the preface to the statements of the cases in the note in 34 L. R. A. (N. S.) 445, above cited, it is stated:

"Under policies of accident insurance limiting the liability of the insurer to disability or death resulting 'independently of all other causes' from accidental injuries, and precluding recovery if the disability or death resulted, wholly or in part, directly or indirectly, from disease or bodily infirmity, it may be laid down as a general rule of law, established by the authorities herein cited, that if the insured, at the time of the alleged accidental injury, was also suffering from a disease, and the accident aggravated the disease, or the disease aggravated the effects of the accident, and actively contributed to the disability or death occasioned thereby, there can be no recovery upon the policy. . . ."

The decision of the instant case turns on whether it falls within the general rule above quoted. The note, after stating the cases from which the general rule is drawn, states those considered as applying a modification of it. The case first stated as modifying the rule is *Thornton v. Travelers' Ins. Co.* 116 Ga. 121, 42 S. E. 287, 291, 94 Am. St. Rep. 99, in which the insurance company claimed exemption from lia-

bility because the injury to the insured resulted from a hernia. The opinion finally states:

". . . If it should be made to appear that the existence of the hernia in the system of the insured was a substantial contributing cause in bringing about the injury, and the injury was the result, either in whole or in part, directly or indirectly, from the fact that at the time it was inflicted the insured had within his system the reducible hernia, then the defendant would have made out its defense, and the plaintiff would not be entitled to recover."

If we were to apply the rule of the above quotation to the instant case, it would manifestly result in dismissal of the complaint, for it is beyond controversy that the existing condition of the insured's heart "was a substantial and contributing cause in bringing about" his immediate heart injury, and this appears "from the fact that at the time it was inflicted" he had "within his system" the heart condition. The effect of the general statements of this case is further illustrated by a statement in *Freeman v. Mercantile Mut. Accident Asso.* 156 Mass. 351, 30 N. E. 1013, also classed in the note with the modifying cases, wherein it was claimed that an accident brought on peritonitis which resulted in the assured's death. The court approved the view of the trial court upon this question:

"Upon the question as to whether peritonitis, if that caused his death, is to be deemed a disease within the meaning of this policy, and the proximate cause of death within the meaning of this policy, so as to prevent a recovery, depends upon the question whether or not before the time of the fall, and at the time of the fall, he had then the disease,—was then suffering with the disease. If he was, then, in the sense of the policy, although aggravated and made fatal by the fall, he cannot recover. But if, owing to existing lesions caused by the disease, but not having the disease at the time, the same kind of malady, that is peritonitis, was started up, the company are to be answerable, although, if there had been a normal state of things the fall would not have occasioned such a result."

We have carefully examined all the cases referred to in the notes above cited. From the great majority of those cases and upon reason, the general rule seems fairly deducible that, if a disease or bodily condition exists and an accident occurs, to constitute the accidental means the sole cause of an injury, under policies like the one in suit, it is not necessary that the injury or the results thereof would have been as severe as they were had the disease or bodily condition not existed; but it is sufficient if the accidental means would have solely caused some considerable injury had the disease or bodily condition not existed. But, if no considerable injury at all would have resulted had the insured not been afflicted with the existing disease or condition, the accidental means cannot be considered as the sole cause of the injury. It is impossible to harmonize the cases stated. Some of them are contrary to the idea above expressed, but the great majority of them either support it or are not inconsistent with it.

From the undisputed evidence in the instant case it is plain that no considerable injury to the insured would have occurred had he not been afflicted, at the time he sustained the injury to his heart, with the heart condition described. The heart condition must therefore be considered as a substantial factor in causing the heart injury that resulted in the death, and the accidental means found by the jury, assuming it to have been established, was not the sole cause of the heart injury that resulted in the death.

Some points are raised by appellant that might require reversal for a new trial if the evidence did not require dismissal. But, as the action must be dismissed, we need not consider these.

*By the Court.*—The judgment of the circuit court is reversed, with directions to dismiss the complaint.

WICKHEM, J., dissents.

A motion for a rehearing was denied, with $25 costs, on April 28, 1936.