EGAN, Respondent, vs. TRAVELERS INSURANCE COMPANY, Appellant.

*April 5—April 27, 1937.*

For the appellant there was a brief by *George H. Gordon, Law & Brody* of La Crosse, and oral argument by *Lawrence J. Brody.*

For the respondent there was a brief by *Higbee & Higbee, Jesse E. Higbee,* and *Otto Bosshard,* all of La Crosse, and oral argument by *Mr. Jesse E. Higbee* and *Mr. Bosshard.*

WICKHEM, J. All of the facts in this case bearing upon the accident sustained by plaintiff and its physical conse-

quences to him are detailed in the case of *Egan v. Preferred Accident Ins. Co.* 223 Wis. 129, 269 N. W. 667, and it will not be necessary to repeat them. As in that case, it is here claimed that there is no evidence to sustain the conclusion of the jury that the accident and resultant bodily injury produced total disability independently and exclusively of all other causes. A careful review of the record satisfies us that this contention cannot be sustained. What was said in the opinion in the *Preferred Case, supra,* sufficiently disposes of this contention.

Defendant next contends that the court erred in instructing the jury. It is asserted that the instructions with reference to Questions Nos. 3 and 4 were erroneous and misleading for the reason that they included a definition of proximate cause as this term is used in negligence cases, and with respect to Question No. 3 expressly informed the jury that their answer to this question called for a finding whether the accident was the proximate cause of plaintiff's disability. In other words, it is claimed that the court gave an inapplicable definition of proximate cause followed by proper but contradictory instructions as to what constitutes the sole cause of an accident. Defendant asserts that the meaning of causation in accident insurance cases is determined by the policy and not by rules of law relating to cause, that here the question is not whether the bodily injury accidentally sustained was a proximate cause of disability, but whether it was the sole cause. Thus, when the court told the jury that the proximate cause is not necessarily the immediate, near, or nearest cause, but the one that acts first, etc., and later instructed the jury that the law "will not go farther back in the line of causation than to find the active, efficient, procuring cause of which the event under consideration is a natural and probable consequence," defendant claims that it was, in effect, telling the jury that if the accident was a proximate cause, it need not be the sole cause. The contention calls for

some consideration of the entire instruction to Question No. 3.

The court opened its instructions upon this question with a conventional and perfectly correct definition of proximate cause. It instructed the jury that if at the time of the accident there was an existing disease or abnormality in the lower back which, co-operating with the accident, resulted in the disability, the answer of the jury must be "No." The court further instructed that if there was disease present at the time of the accident, and the accident aggravated the disease, or the disease aggravated the effects of the accident and contributed to the disability, the answer must be "No." The jury were also instructed that if there was disease or an abnormal condition in the lower back at the time of the accident, and the accident aggravated the disease, or the disease or abnormality aggravated the effects of the accident or contributed to the disability, the answer must be "No." The court follows this with an instruction that the law will not go farther back in the line of causation than to find the active, efficient, procuring cause of which the event under consideration is the natural and probable consequence. The court states that an injury which might naturally produce disability of a person of a certain temperament or state of health is the cause of such condition or disability if he suffers disability by reason of it, even if he would not have suffered such disability if his temperament or previous health had been different. The court followed this with the statement that a man insured might be in advanced years or suffering from some disease which has weakened his resistance, and yet may be the victim of an accident which is the sole cause of his disability, although the disability might have been less likely had he been in better physical condition.

The mere inclusion in the instructions of a definition of proximate cause cannot be held error in view of the decision of this court in *French v. Fidelity & Casualty Co.* 135 Wis.

259, 270, 115 N. W. 869. It was there held that the words in an accident insurance policy "independently of all other causes" means that the accident must have been the "sole and proximate cause of the disability sued upon." If to be the sole cause of the disability an accident must also be a proximate cause thereof, it cannot successfully be claimed that proximate cause is wholly immaterial or that an instruction upon it is *per se* erroneous or prejudicial, although it may well be that where the accident is conceded to have made a substantial contribution to the disability, the instruction is not particularly helpful to the jury. A more substantial objection to the instruction is that by a sentence preceding the instruction on proximate cause the court may have led the jury to believe that if the accident proximately caused the injury, that terminated the inquiry and required an affirmative answer to the third question. The sentence was as follows: "This question calls for a finding of fact as to whether or not the accident . . . was and is the proximate cause of the plaintiff's present disability." While this sentence should not have been included in the instructions, and standing alone may have had some tendency to mislead the jury, the specific and careful instructions following the definition of proximate cause in which the jury were required to answer the question "No" if at the time of the accident an existing disease or abnormality either cooperated with the accident or aggravated its effects, certainly must be supposed to have dispelled any misapprehensions aroused by the objectionable sentence. While these latter instructions are literally in accord with the rule in this court as stated in *Cretney v. Woodmen Accident Co.* 196 Wis. 29, 219 N. W. 448, and *Schwartz v. Woodmen Accident Co.* 198 Wis. 252, 223 N. W. 844, they are more favorable to the defendant than is warranted by the modification of this doctrine contained in the case of *Herthel v. Time Ins. Co.*

221 Wis. 208, 214, 265 N. W. 575. This court there laid down a test of sole cause which is simple, easily understood by a jury, and which should be given in every case where the issue is whether the accident is the sole or exclusive cause of a disability, or has caused it exclusively or independently of all other causes. The rule is there stated as follows:

". . . If a disease or bodily condition exists and an accident occurs, to constitute the accidental means the sole cause of an injury, under policies like the one in suit, it is not necessary that the injury or the results thereof would have been as severe as they were had the disease or bodily condition not existed; but it is sufficient if the accidental means would have solely caused some considerable injury had the disease or bodily condition not existed. But, if no considerable injury at all would have resulted had the insured not been afflicted with the existing disease or condition, the accidental means cannot be considered as the sole cause of the injury."

As a whole, the instructions were somewhat more favorable to the defendant than it was entitled to under the doctrine of the *Herthel Case,* and we cannot subscribe to the claim that either the inclusion of the definition of proximate cause or the sentence intimating that the question presented a question of proximate cause were prejudicially erroneous or misleading.

It is next objected that the court improperly included in the recovery the sum of $50 for hospitalization. This contention must be sustained. The policy provided for reimbursement for the amount paid for hospital charges if the injury necessitated the removal of the insured to a hospital within ninety days from the date of accident, not to exceed fifty per cent of the single weekly indemnity provided for total disability or for a period of more than ten weeks. Plaintiff was hospitalized on February 15, 1933, for a period of ten or eleven days, but the evidence shows that he was

there at least partly for the purpose of removing a cyst. There was no attempt to prove the amount paid or to prove what portion of the period was necessitated by the injury. The only other period of hospitalization began on August 29, 1933, which was more than ninety days after the accident. The allowance of $50 was improperly made, and the judgment should be modified by deducting this amount.

Upon the motion to review, it is contended that the court erred in fixing the rate of plaintiff's recovery at $25 a week rather than $37.50 a week as provided for by the cumulative-benefit clause of the policy. We think the court correctly determined this question adversely to plaintiff. The accumulated-benefits provision reads as follows:

"If the premium is paid annually in advance, each consecutive full year's renewal of this policy shall add ten per cent to the principal sum of the first year until such additions shall amount to fifty per cent, and thenceforth so long as this policy shall be maintained in force by the payment of annual premium in advance, the insurance will be for the original principal sum plus the accumulations. . . ."

It is claimed in the alternative, (1) that this clearly applies the increase to weekly benefits as well as to the lump sum provided in the policy for specific injuries, or (2) that it is at least ambiguous and that it should be so construed in accordance with the rule that such clauses will be construed most strongly against the insurance company. An examination of the policy convinces us that plaintiff's position is not sound. In bold print in the insurance clause of the policy is the statement: "The principal sum of this policy in the first year is $5,000. Increases annually until maximum is $7,500." There follows an agreement that, with certain limitations and upon certain contingencies, the company will pay the sum set opposite specific losses thereafter designated, "and in addition weekly indemnity as provided in part 'B.'" There follows a list of specific injuries, such as death, loss of both hands and both feet, and the sight of both eyes, etc.

Opposite each such item is listed the lump sum to be paid under this clause in terms of the "principal sum." On four of the specific injuries the principal sum is to be paid in addition to weekly indemnity. For two of the specific injuries, one half of the principal sum is to be paid. Even a casual reading of the policy indicates that the engagement of the company is to do two things provided the contingencies happen that make the company liable: (1) To pay all or part of the principal sum; and (2) to pay certain periodic indemnities. The increase after the first year, provided the premium is paid annually in advance, specifically relates to "the principal sum" and not to the weekly indemnities.

*By the Court.*—Judgment modified by deducting therefrom the sum of $50 and as so modified is affirmed. No costs to be taxed upon this appeal. Appellant to pay the clerk's fees.