HENRIKSON, Plaintiff and Respondent, vs. MARYLAND CASUALTY COMPANY, Defendant and Appellant: VERNON COUNTY and another, Defendants and Respondents.

*February 7—February 28, 1958.*

For the appellant there was a brief by *Hale, Skemp, Hanson & Schnurrer* of La Crosse, and oral argument by *Quincy H. Hale.*

For the respondent Ruby Henrikson there was a brief by *Everett B. Chapman* of Viroqua, and *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns.*

For the respondents Vernon county and O'Neil Alton there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and *Wayne Schlintz* of Viroqua, and oral argument by *R. J. Sutherland.*

WINGERT, J.    Appellant contends that the trial court erred prejudicially in five respects, but we discern no error and hence affirm the judgment.

1. *Refusal to instruct.*    The appellant requested instructions to the general effect that a person who is drunk is held to the same degree of care and prudence in the interest of his own safety as is required of a sober person, and that drunkenness will never excuse one from failure to exercise that degree of care and prudence.   The court declined to give the instructions as requested, but after charging the jury in some detail as to the duty of a person on foot on the highway to use ordinary care in respect to where he shall walk or stop or stand on the highway, and generally to keep a lookout to the same extent that an ordinarily prudent person would under the same or similar circumstances, instructed them as follows:

"You are instructed that the fact that Martin O. Henrikson was under the influence of liquor at the time he was struck by the Hanson car did not relieve said Martin O. Henrikson from his duty to exercise ordinary care and prudence for his safety.   The intoxication of the deceased, Martin O. Henrikson, is not of itself negligence.   It is only a circumstance to be weighed by the jury in determining whether or not the intoxicated person exercised ordinary care for his own safety."

We find no error in the instruction as given.   It explicitly informed the jury that Henrikson's intoxication did not relieve him from his duty to exercise ordinary care and prudence for his safety.   It was not as emphatic nor as repetitive as the requested instruction, but it covered the essential ground.   In instructing a jury, the trial court has a large

discretion as to matters of emphasis, choice of language, and detail or brevity. *Simon v. Van de Hey,* 269 Wis. 50, 60, 68 N. W. (2d) 529. We find no abuse of that discretion here.

Appellant suggests that the instructions as given, and particularly that to the effect that a pedestrian on the highway must exercise the same care that an ordinarily prudent person would exercise under the same or similar circumstances, might have been interpreted by the jury as requiring of Henrikson only the care that an ordinarily prudent person would exercise when drunk, drunkenness being a "same or similar circumstance." Reading the instructions as a whole, we do not believe that any reasonable jury would have so understood them.

2. *Refusal to instruct.* Appellant requested an instruction to the effect that a traffic officer who has in his custody a person known to be drunk "must exercise increased care and caution to prevent injury to such intoxicated person. The traffic officer must exercise such care and assistance to such intoxicated person as his condition reasonably requires for his safety." The court refused that instruction, and instead charged the jury that Officer Alton had a duty to exercise ordinary care to protect Henrikson from injury and that if Henrikson was intoxicated to the extent that his own capacity to exercise care for his safety was impaired, and if Alton was aware of that impairment, then Alton had "the duty to exercise such care and to extend to such intoxicated person such assistance as his condition reasonably required for his safety under the circumstances then and there existing."

Appellant argues that in view of his knowledge of Henrikson's condition, Alton was obliged to use greater than ordinary care to protect his prisoner. Again we consider that the instruction as given sufficiently covered the matter of Alton's duty to Henrikson, and that the court did not abuse its discretion in refusing the somewhat more-emphatic instruction

requested by appellant. Alton's duty to Henrikson was to exercise ordinary care for his safety "under the circumstances then and there existing." Henrikson's drunkenness was one of those circumstances, as were the lateness of the hour, the darkness of the night, the amount of traffic on the highway, etc., in the light of which the jury had to determine whether Alton's conduct measured up to that of the standard prudent man in a like situation.

3. *Denial of directed verdict.* Appellant moved for a directed verdict at the conclusion of the testimony, on the ground that undisputed testimony showed that Henrikson was as negligent as Hanson as a matter of law. It is urged that if Henrikson had remained sober, the tragic accident would never have happened.

We are satisfied that Henrikson's negligence was a question for the jury, and that there was sufficient evidence to sustain the findings absolving him from negligence as to both lookout and position on the highway. Hence there was no error in denying a directed verdict for the appellant.

Henrikson's intoxication was not of itself causal negligence in relation to the accident in suit. *Frey v. Dick,* 273 Wis. 1, 9, 76 N. W. (2d) 716. On the other hand, it did not lessen his obligation to use ordinary care for his own safety. The question for the jury to determine was whether a sober man, doing what Henrikson did and omitting what he omitted, would have been negligent in the circumstances then existing.

In answering the question as to lookout, the jury could reasonably have inferred, from the evidence that Hanson's car was on the pavement until shortly before it reached the point of impact, that Alton had asked Henrikson for his driver's license and that Henrikson's wallet was not found on his person after the accident, that Henrikson was looking for or in his wallet to get his license from the time when Hanson swerved off the road and headed toward the place where the two men were standing until Henrikson was hit;

and that it was no departure from ordinary care for Henrikson thus to take his eyes off the road and look for his driver's license when the police officer ordered him to produce it, having in mind that the men were standing well off the concrete, immediately beside a squad car on top of which a red light was conspicuously flashing.

As to position on the highway, there was evidence supporting a determination that Henrikson was standing within a few inches of the side of the squad car, the south wheels of which were four and one-half feet north of the edge of the paved part of the road, and that hence the part of Henrikson's body nearest the pavement must have been nearly two feet from the edge of the concrete. We cannot say that a sober man would have been negligent as a matter of law in standing in that position, at the side of a squad car with the red light flashing on top, when ordered to do so by a police officer.

Appellant contends that Alton's testimony that Hanson's car appeared to be partly off the concrete on the shoulder of the highway, heading right toward Alton and Henrikson, was outweighed by evidence of absence of noticeable tire marks on the shoulder, and by testimony of a passenger in a car approaching from the west at the time of the accident, that Hanson's car was at all times on the pavement; from which it is argued that Henrikson must have staggered onto the concrete. While as jurymen we might have agreed with appellant's contention, we cannot say that Alton's testimony as to Hanson's course was wholly incredible or insufficient to support the jury's answers, and therefore we are obliged to let the answers stand.

4. *Alton's negligence.* Appellant argues that undisputed evidence showed that Officer Alton was negligent as a matter of law in his care of Mr. Henrikson, and that therefore the court should have changed the jury's answer absolving him of such negligence. It is contended that it was negligence as

a matter of law for the officer to permit a staggering drunk to stand so close beside a busy trunk highway, and to fail to pull him against the squad car when Hanson's approach became apparent.

In our opinion the jury's answer exonerating Alton from negligence is sustained by the evidence above referred to, that the men were standing with their bodies nearly two feet off the paved portion of the highway, beside a squad car on which the large red flasher was operating; and that Hanson's swerve off the pavement and toward the two men was not seen until not more than three or four seconds before the impact. It was not clearly unreasonable for the jury to consider that ordinarily prudent men might have taken such a position beside the pavement with the protection of the squad car and flasher, on the assumption that passing cars would stay on the concrete, and that Hanson's swerve off the pavement created an emergency in which Alton had no time for anything but an instinctive reaction to lean against the squad car for his own protection. The jury did not have to believe that Alton permitted Henrikson to stagger into the highway, as there was evidence supporting the inference that Henrikson was well off the concrete when he was hit.

5. *Refusal to submit separate questions.* Appellant requested that the court submit separate questions on the special verdict, as to Alton's negligence (a) with respect to keeping a proper lookout for Henrikson's safety, (b) leaving Henrikson in a position of danger on the highway, and (c) warning Henrikson of danger. Instead, the court submitted the single question, "Was the defendant, O'Neil Alton, negligent with respect to protecting the deceased, Martin O. Henrikson, from injury from the approaching vehicle of Melvin Hanson?" which the jury answered "No."

The submission of a single question was within the proper discretion of the trial court. In determining whether to break down a question into several components, the trial court

must be accorded substantial discretion. We would be particularly loath to reverse the submission of a blanket question, where, as here, the submission of separate questions might raise a question of duplication.

In any event, we do not think the submission of Alton's negligence as a single question could have been prejudicial. The jury were adequately instructed as to Alton's duty to protect Henrikson. The jury answered the question in the negative, and hence found that Alton was not negligent in any of the respects asserted by appellant. What was said in *Matuschka v. Murphy,* 173 Wis. 484, 487, 180 N. W. 821, is pertinent here:

"Such verdicts [finding generally on an omnibus question as to negligence] have been sustained in cases where negative answers have been returned to the general question of negligence and the jury were instructed that if they found certain facts to exist they should answer the question in the affirmative, as in *Kadolph v. Herman,* 166 Wis. 577, 166 N. W. 433. In such cases the finding of an absence of negligence presents a different question from that resulting in case of an affirmative finding. The negative answer indicates that in the minds of the jury none of the alleged grounds of negligence was proven."

*By the Court.*—Judgment affirmed.