Fairchild, J.
 

 Plaintiffs argue that they are entitled to a new trial because certain answers in the special verdict are inconsistent; because the circuit court refused to give requested instructions; and because a new trial is necessary in the interest of justice. Our conclusions follow:
 

 1.
 
 Inconsistency in the special verdict.
 
 Plaintiffs argue that if David were ahead of the bus, the driver, who did not see him, must have been negligent as to lookout as a matter of law. Under the circumstances disclosed by this record, we agree. Plaintiffs then argue that the finding that the driver was negligent in failing to pass David at a safe distance to the left necessarily implies a finding that David was ahead of the bus where he should have been seen, and that the necessary implications of the two answers are in conflict.
 

 
 *180
 
 We do not agree that the finding that the driver failed to pass David at a safe distance to the left can only mean that David was ahead of the bus. Although the circuit court in its original instructions to the jury read sec. 85.16 (3), Stats. 1955, on “Overtaking and passing another vehicle,” the court also read a portion of sec. 85.175 (1), Stats. 1955 :
 

 “No person shall . . . turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.”
 

 The driver testified that after leaving the position where he had stopped before reaching the intersection, he had to turn to the left a little to miss the temporary walk; that then he had to turn somewhat to the right to put his bus on a straight course on College avenue; that the rear wheels, for a short distance, had been farther north than the front wheels, and that the middle and rear portion of the bus would then be closer to the walk than the front. The driver testified that he had seen boys on bicycles on that corner, and that he always left room enough for people on bicycles between him and the boardwalk.
 

 The jury may well have considered that even though David was not ahead of the bus and not where the driver could see him, reasonable care under the circumstances required the driver not to go as close as he did to the fence surrounding the temporary walk. It is reasonable, under all the circumstances, to conclude that this was what the jury meant by its answers finding the driver not negligent as to lookout, but negligent in failing to leave sufficient room between his bus and the temporary walk. This interpretation of the verdict is in line with the finding that David was causally negligent as to lookout, and that this negligence constituted 65 per cent of the total negligence as against 35 per cent for the bus driver’s failure to leave more room.
 

 It is evident that the jury had some difficulty with the question as to passing. After the jury had been out for an
 
 *181
 
 hour, they returned, and the foreman asked whether the word “pass” means “to draw ahead, or does it mean to be behind and advance and completely pass? We are asking for the interpretation because it has, in our opinion, quite a bearing on the decision we would make.” The court did little more than read again the portion of the statute entitled “Overtaking and passing another vehicle.” Then another juror asked: “Presuming that some of the jury do not feel that there was an overtaking of it, how can we answer the question?” The court then, in substance, told the jury to go back and reconsider in the light of the instructions given. The jurors deliberated for another hour before returning a verdict. We assume that the jury felt that the driver had taken the bus on a course leaving insufficient room between the bus and the fence, but that they were questioning whether they could answer the particular question "Yes,” if the boy were not ahead of the bus.
 

 2.
 
 Requested instructions not given by the court.
 
 Plaintiffs requested the following instructions upon the issue of lookout:
 

 “(3) The law which requires the driver of a vehicle on the public streets to maintain a lookout, requires that he not only look, but look with such attentiveness and care as to see what is in plain sight and he is guilty of negligence as to lookout if he fails to do so.
 

 “(4) When one looks and does not see what is in plain sight he is in the same situation as one who does not look.
 

 “(9) If you are satisfied that the plaintiff on his bicycle was ahead of the bus at any time after the light turned green you will answer questions 1 and 2 which inquire about negligence as to lookout on the part of the defendant driver by inserting the word ‘Yes.’ ”
 

 The court did not give these particular instructions, but did say, in addition to defining the duty of lookout:
 

 
 *182
 
 “In order to exercise ordinary care one must employ his faculties in order to observe and discover dangers visible and obvious as well as conditions and surrounding circumstances such as indicate the presence of danger to a reasonably prudent person.”
 

 The instructions in the form requested by plaintiffs would have pointed out a specific application to the facts of the principles stated by the court, but would have added nothing of substance. Defendants point out that error cannot be predicated upon mere refusal to give a requested charge which correctly states the law if it is in fact embodied in substance in the general instruction given.
 
 Simon v. Van de Hey
 
 (1955), 269 Wis. 50, 60, 68 N. W. (2d) 529. In any event, the refusal of the requested instructions could not be prejudicial to David unless the jury were satisfied that David was ahead and in the plain sight of the driver. As pointed out above, we are satisfied that the jury did not so find.
 

 Plaintiffs also requested the following instruction:
 

 “You are further instructed that it is the duty of every driver of a motor vehicle, in the exercise of ordinary care, to anticipate the presence of all other persons or vehicles legally in the roadway.”
 

 Plaintiffs do not explain why this requested instruction was limited to the operator of a
 
 motor
 
 vehicle. In any event, the requested language states that there is an absolute duty to anticipate the presence of others. On the contrary, the degree to which presence of others must be anticipated when they cannot be observed would itself be a jury question as to the requirements of ordinary care under the circumstances. This jury, as we understand it, concluded that under the circumstances ordinary care required that the driver take into consideration the possibility that a bicyclist might be between the bus and the walk, but we do not think that it
 
 *183
 
 could be said, as a matter of law, that such anticipation was required.
 

 Plaintiffs also requested an instruction that if the jury found David negligent, and also found that he was ahead of the bus at all times, the jury should find David’s negligence not causal. As previously stated, we interpret the verdict as finding that the boy was not ahead of the bus so that the omission of this request would not be prejudicial even if the request were otherwise correct.
 

 3.
 
 New trial in the interest of justice.
 
 Plaintiffs assert that even if the matters previously referred to do not constitute error sufficient to warrant a reversal and a new trial, they, together with 11 other propositions not advanced as prejudicial error, in themselves, would warrant a new trial in the interest of justice. Detailed explanation of each of the 11 points mentioned is unnecessary. We have considered all; no error or abuse of discretion appears; and it does not appear probable that justice has miscarried.
 

 One of the 11 points mentioned is the amount of damages fixed in the special verdict. While the amount appears low ($1,000 for substantial past pain and suffering, and for scars, usually covered by clothing, which will continue to be an irritation for some time to come), the circuit court apparently did not consider that this answer showed perversity. Granting inadequate damages to a plaintiff found not to have a cause of action does not necessarily render the verdict perverse.
 
 Dickman v. Schaeffer
 
 (1960), 10 Wis. (2d) 610, 617, 103 N. W. (2d) 922.
 

 Although David’s testimony would, in our opinion, have supported findings that he was ahead of the bus, and that the collision was caused by the driver’s failure to see him, it was somewhat vague and the evidence to the contrary strikes us as clearer and probably of greater weight. A passenger, who was seated on the right side of the bus, testified that David was alongside the bus and opposite her at all times
 
 *184
 
 from the time he mounted his bicycle while the bus was stopped until the collision itself. She testified:
 

 “The bus proceeded to pull left into traffic slowly and the bicycle also proceeded, and after they crossed the intersection there is a slight jog in this temporary sidewalk, and the bus proceeded to straighten out around that and the bicycle would follow back a little bit. And at that point, where the angle of the sidewalk comes out, evidently the room wasn’t sufficient to get through, or he lost balance, and fell against the bus and was pushed back into the crosswalk [temporary sidewalk] in turn.”
 

 After the collision, the driver and a police officer observed a mark along the side of the bus, back of the front door, which appeared to have been made by a bicycle pedal. The driver testified that when the collision occurred, he heard a thump in the middle of the right side of the bus. All this testimony strongly supports the verdict which was rendered.
 

 4.
 
 Costs on appeal.
 
 Appellants’ printed brief consisted of 27 pages, and their appendix of 41. Respondents’ brief contains 88 printed pages, and their supplemental appendix 20. Respondents requested the court to allow costs for printing all the pages in their brief.
 

 While we appreciate the problem of an attorney who seeks to present all the material which he feels may be persuasive to the court, we consider that the respondents’ brief was unnecessarily lengthy. For example, seven pages were used for a restatement of the facts which added little to the statement of facts made in appellants’ brief. Much space was consumed by quotation of testimony in question and answer form, and much of the argument was not concise. It was unnecessary to print the material in the supplemental appendix.
 

 By the Court.
 
 — Judgment affirmed. No printing costs for pages of respondents’ brief in excess of 50, nor for supplemental appendix.