SCHAFER, Appellant, v. TIME INSURANCE COMPANY, Respondent.*

*November 1—November 29, 1966.*

---

* Motion for rehearing denied, with costs, on January 31, 1967.

696

For the appellant there was a brief by *Eisenberg & Kletzke,* attorneys, and *Jerome F. Pogodzinski* of counsel, all of Milwaukee, and oral argument by *Mr. Pogodzinski.*

For the respondent there was a brief by *Brady, Tyrrell & Bruce,* attorneys, and *Peter W. Bunde* and *Norman L. Winn* of counsel, all of Milwaukee, and oral argument by *Mr. Bunde.*

HANLEY, J. The plaintiff advances these contentions on this appeal:

(1) The great weight and clear preponderance of credible evidence established that the plaintiff was totally disabled by injuries effected through accidental means directly and independently of all other causes;

(2) The trial court erred in not giving Wis J I—Civil, Part II, 1720, with respect to aggravation of a preexisting condition.

The pertinent policy provisions are as follows:

"The Time Insurance Company . . . does hereby insure Anne B Schafer . . . against bodily injuries effected within the period of this policy through accidental means . . . directly and independently of all other causes . . . .
"Clause A. For the period during which the Insured shall be wholly disabled by injuries effected through accidental means of aforesaid, from engaging in any and every kind of business or labor, the Company will pay at the rate of One Hundred ($100.00) dollars per month."

*Sufficiency of the Evidence.*

The rule for reviewing a jury finding is whether or not there is any credible evidence which under any reasonable view supports the verdict. *Lemke v. Guse* (1965), 26

Wis. (2d) 80, 131 N. W. (2d) 893, and *Fields v. Creek* (1963), 21 Wis. (2d) 562, 124 N. W. (2d) 599.

It is undisputed that Mrs. Schafer was injured in an automobile accident on July 16, 1949, and that her attending physician, Dr. Clarence Samuelson, estimated her total-disability period to be from July 16, 1949, to August 8, 1949. Dr. John Kelly, the family physician, testified that the physical condition of the plaintiff was not in any way related to any trauma, nor was the plaintiff, except for a week while under his care, totally disabled. Dr. Henry M. Suckle, a Madison neurosurgeon, testified that plaintiff's complaints as related to him were unexplainable on the basis of objective findings and that at the time of his last examination of her, in his opinion, the plaintiff was not to a reasonable degree of medical certainty totally disabled. Dr. Robert H. Cassidy, an orthopedic surgeon, testified that in his opinion Mrs. Schafer at the time of the trial was not wholly disabled as a result of injuries. Dr. Einar R. Daniels who was called as a medical expert by the plaintiff testified that on a report prepared and submitted to the defendant insurance company on November 2, 1959, relating to the physical condition of Mrs. Schafer, he stated his findings as osteoarthritis and degenerative disc disease of the spine, obesity, varicose veins, an anxiety tension state and characterized these findings as "sickness." He also testified that he filled out a report for Mrs. Schafer which contained the statement "Describe restrictions on patient's activity" and he replied "Normal."

Dr. James Booth, an osteopath who treated Mrs. Schafer regularly for several years, testified that he was contacted by an attorney for Mrs. Schafer and requested to certify on a medical form to the Time Insurance Company that a substantial part of her difficulty was due to injury rather than sickness. He testified that he did not fill out the insurance report. He further testified that a report stating that Mrs. Schafer was totally disabled

as a result of the injury was not prepared by him but was sent to him ready for signature by the plaintiff's attorney.

Dr. J. Howard Johnson, an orthopedic surgeon, examined the plaintiff in October of 1953, and found a healed fracture of the spinal process of the seventh cervical vertebra and also found degenerative changes in her spine associated with osteoarthritis. He indicated in his report that the healed fracture was no longer symptomatic.

None of the expert medical witnesses who testified at the trial, with the single exception of Dr. Lester V. Salinsky who examined Mrs. Schafer thirteen years after the accident occurred, testified that Mrs. Schafer was totally disabled as a result of the injury.

In addition to the medical testimony relating to Mrs. Schafer's physical condition, there is sufficient non-medical evidence concerning Mrs. Schafer's activities after the date of the accident on which a jury could reasonably base a finding that Mrs. Schafer was not totally disabled. The evidence disclosed that Mrs. Schafer reported on her 1958 tax return that she used her automobile 80 percent for business use and that during 1958 she spent a total of $450 for gas, oil, grease, and antifreeze for her car. In the year 1959 she deducted $100 for stationery and supplies in connection with her business and reported $432 as automobile expense, of which 60 percent was deducted as a business expense.

In addition to her travels in connection with her insurance business, the testimony disclosed that Mrs. Schafer made three trips to Florida and one trip to Washington, D. C., by car. Mrs. Schafer also, after 1960, traveled many times from her home in Ironwood, Michigan, to Milwaukee, Madison, and Waukesha in connection with court appearances, depositions and appeals.

Appellant cites the case of *Harker v. Paul Revere Life Ins. Co.* (1965), 28 Wis. (2d) 537, 137 N. W. (2d) 395,

in support of her position that she was totally disabled within the meaning of the policy as a matter of law. In *Harker, supra,* the court did not find that it was total disability as a matter of law. The court just refused to overturn a jury finding of total disability.

The appellant finds no fault with the trial court's definition of the term "wholly disabled," but contends that the trial court should have pointed out that the plaintiff was entitled to make a good faith, though ineffectual, effort to perform the duties of her usual employment. The instruction was not requested and therefore deemed waived. See *Blom v. Kumbier* (1957), 275 Wis. 227, 81 N. W. (2d) 528. In the case at bar the court did instruct the jury that Mrs. Schafer was wholly disabled if she was unable "to perform any work or follow any gainful occupation in a customary and usual manner," or if she was "not able to perform a substantial portion of the work relating to any occupation for salary or profit."

### Failure to Give Requested Instruction.

The plaintiff requested the trial court to give Wis J I—Civil, Part II, 1720. The requested instruction deals with the amount of damages which can be awarded for aggravation of a preexisting injury. In denying the request, the trial court stated that the instruction given was adequate and giving the requested instruction would have emphasized the plaintiff's previous physical condition to the prejudice of the defendant. The record shows that the trial judge's instruction on aggravation of a preexisting condition was taken almost verbatim from *Herthel v. Time Ins. Co.* (1936), 221 Wis. 208, 214, 265 N. W. 575, and to the extent to which the Wis J I—Civil, Part II, 1720, is relevant, the relevant portions were adequately covered in the general instructions to the jury. It was not prejudicial error in such circumstances to fail

to give the requested instruction. *Dennik v. Fox River Bus Lines* (1960), 11 Wis. (2d) 177, 182, 105 N. W. (2d) 364.

## *CONCLUSION.*

There was ample credible evidence in the record to support the jury finding that plaintiff was not totally disabled as a result of accidental means. We believe the trial court did not err in refusing Wis J I—Civil, Part II, 1720, since the trial court's general instruction adequately covered the matter.

*By the Court.*—Judgment affirmed.