WAGNER, Appellant, vs. HOME MUTUAL CASUALTY COMPANY, Respondent.

*December 2, 1952—January 6, 1953.*

*Frank L. Morrow* of Eau Claire, for the appellant.
*Donald L. Farr* of Eau Claire, for the respondent.

MARTIN, J.   The only question on this appeal is whether
the trial court erred in granting defendant's motion for a
directed verdict.

There is no evidence of excessive speed on the part of either
driver.

Considering the evidence most favorable to the plaintiff,
Kuhn testified that he did not see the Wagner car until the
moment the vehicles collided.   Wagner stated that he saw
the Kuhn car when he was about seventy-five feet west of
the intersection and the Kuhn car was approximately eighty
feet south of it.   He thought the other driver would slow
down or stop and that he would have time enough to get
across; so he paid no more attention to it until the collision
was imminent.   There is nothing in the evidence, however, to
show that the Kuhn car gave any indication of slowing or
stopping; plaintiff testified he judged Kuhn's speed as greater
than his own at the time he made his only observation.

Furthermore, defendant's insured had the right of way,
sec. 85.18 (1), Stats., and if anyone would have had reason
to believe that the other would yield, it was Kuhn.   In the
exercise of ordinary care, plaintiff, having observed the Kuhn
car approaching the intersection, should have had his car
under such control as to be able to yield the right of way; he
was negligent in relying on any assumption that the other
driver would stop and allow him to pass.

In our opinion the trial court could reach no other conclu-
sion than that both drivers were guilty of negligent lookout
as a matter of law.   The negligence of each was of the same

kind and character, and a verdict finding anything other than that plaintiff's negligence was at least as great as Kuhn's in respect to lookout would have been based on speculation. The trial court properly granted the motion for direction of the verdict in defendant's favor.

*By the Court.*—Judgment affirmed.