MINKEL, Appellant, vs. BIBBEY, Respondent.

*December 2, 1952—February 3, 1953.*

For the appellant there was a brief by *Gannon & Gannon* of Rice Lake, and oral argument by *Patrick M. Gannon.*

For the respondent there was a brief by *William A. Cameron* and *Howard W. Cameron,* both of Rice Lake, and oral argument by *William A. Cameron.*

CURRIE, J.   The trial court set aside the jury's finding that Mickelson was negligent as to lookout on the ground that there was not sufficient evidence to sustain such finding. No question inquiring as to whether Mickelson was negligent with respect to management and control was submitted to the jury and there was no request by plaintiff's counsel that such a question be submitted in the verdict.

The facts in this case give rise to an almost irresistible inference that either Mickelson did not keep a proper lookout, or else he failed to so manage and control the car as to avoid colliding with the other vehicle. If the learned trial court was correct in holding that there was not sufficient evidence to sustain a finding of negligence as to lookout on the part of Mickelson (a point we find unnecessary to decide on this appeal), then it is apparent that the real issue as to his negligence, *i. e.,* the failure to exercise proper management and control, was not submitted to the jury.

The facts in the instant case are readily distinguishable from those in *Clocherez v. Miller* (1952), 262 Wis. 492, 55 N. W. (2d) 881, because in that case, unlike in the present one, the automobile traveling on the arterial had nearly

crossed the intersection when it was struck in the right side by the vehicle which failed to stop for the arterial. There the driver of the car upon the arterial had observed that the other car was slowing down for the arterial and proceeded into and across the arterial relying on that assumption, and when he did observe that the other car was not going to stop for the arterial it was too late for him to do anything in the management and control of his car to avoid an accident. Here, taking into consideration the relative speeds of the two vehicles, the place in the intersection where the accident happened, and the fact that the front end of the car driven by Mickelson struck the left side of the other vehicle, the automobile driven by Johnston must have entered the intersection first and at a time when, if Mickelson had been keeping a vigilant lookout and exercising proper control, it would seem Mickelson could have taken effective steps to have avoided a collision.

We conclude that this is a proper case for this court to exercise its power of discretionary reversal and of granting a new trial on the ground that "the real controversy has not been fully tried" as authorized by sec. 251.09, Stats.

In *Nimits v. Motor Transport Co.* (1948), 253 Wis. 362, 34 N. W. (2d) 116, and *Hilker v. Western Automobile Ins. Co.* (1931), 204 Wis. 1, 231 N. W. 257, 235 N. W. 413, this court held that any objection to the form of a special verdict is waived by failure to interpose such objection before the case is submitted to the jury. This same principle has been adhered to in our decision in the case of *Fondow v. Milwaukee E. R. & T. Co.,* post, p. 180, 56 N. W. (2d) 841, which is being announced at the same time as the within opinion.

Why should this court invoke its discretionary power in the instant case to grant a new trial on the grounds that the real controversy has not been tried when it did not do so in these other cases? The reason for so doing is that we are

of the opinion that justice probably miscarried in the instant case in denying recovery to the plaintiff, while in the other cases mentioned this court was not convinced that there had been a probable miscarriage of justice in the result reached below. This court has been sparing in its use of the discretionary power granted by sec. 251.09, Stats., to reverse judgments on appeal and to remand the cause for a new trial on the ground that the real controversy has not been tried. In cases such as this, where the real controversy has not been tried because of the form of the special verdict submitted, we believe this power should be exercised only when the court is clearly of the opinion that there has been a probable miscarriage of justice in the trial court.

In submitting this case to the jury on the new trial, if the evidence is substantially the same as that on the first trial, questions both as to Mickelson's alleged negligence of lookout, and failure to exercise proper control and management, should be submitted to the jury.

*By the Court.*—Judgment reversed and cause remanded for a new trial in accordance with this opinion.