Kraskey, Respondent, vs. Johnson and another, Appellants.

*February 3—March 2, 1954.*

202

For the appellants there was a brief and oral argument by *Frank M. Coyne* of Madison.

For the respondent there was a brief and oral argument by *Edward J. Owens* of Madison.

STEINLE, J.    On this appeal defendants contend first that since both drivers were found to have been negligent as to lookout and as to no other particulars, and that since the negligence of both is of the same kind and nature, that hence, the ruling must be, as a matter of law, that each contributed 50 per cent to the cause of the accident.

Ordinarily the apportionment of negligence is for the jury. On occasion this court has said that if the negligence of each

driver consisted simply in a failure to look and that both of them had equal opportunity to discover each other, it might be that the negligence would have to be held equal. *McGuiggan v. Hiller Brothers* (1932), 209 Wis. 402, 245 N. W. 97; *Brown v. Haertel* (1932), 210 Wis. 345, 244 N. W. 630.

However, in *McGuiggan v. Hiller Brothers, supra,* it was said (p. 407), that instances in which a court can so rule will be extremely rare, and will ordinarily be limited to cases where the negligence of each is of precisely the same kind and character.

Upon particular facts in the cases of *Langworthy v. Reisinger* (1946), 249 Wis. 24, 23 N. W. (2d) 482; *Kloss v. American Indemnity Co.* (1948), 253 Wis. 476, 34 N. W. (2d) 816; *Wagner v. Home Mut. Casualty Co.* (1953), 262 Wis. 673, 56 N. W. (2d) 539, the court found that the negligence of each driver was of the same kind and nature and that the negligence of each was at least as great as that of the other.

It must not, however, be reasoned that in every situation where there is failure of ordinary care as to lookout on the part of both drivers that the court as a matter of course, for that reason alone, may find that they are equally at fault. As was said in *Hansberry v. Dunn* (1939), 230 Wis. 626, 634, 284 N. W. 556:

". . . it must be possible from all the circumstances of the case as disclosed by the record for this court to be able to say that the negligences are equal in quality and that is why this court has said that it can rarely come to this conclusion. We are satisfied, however, that the court may not adopt a rule of thumb that will check off automatically lookout against lookout, control against control, etc., holding these items equal as a matter of law in every case."

It will serve no useful purpose to comment upon the similarity of failure of lookout on the part of the drivers in the cases referred to above. A quite typical situation is to be

found in *Kloss v. American Indemnity Co., supra,* where both drivers immediately before the collision looked and saw nothing when both in fact were very close to each other and each ought to have been observed by the other. Clearly in such situation only one determination was possible, to wit, that the causal negligence of one as to lookout was as great as that of the other as a matter of law.

. In this case defendant Johnson testified that while his car was stopped 10 feet back from the intersection, he looked to the left on Bassett street, had a view of one-half to three-quarters block, and saw no cars approaching from the south. While starting from that position he looked to his right, ahead, and again to the left. When he last looked to the left he was two or three feet from the center of Bassett street and that at that time the approaching Kraskey car was 10 to 12 feet south of the south crosswalk. The jury by its verdict found that Johnson had stopped his car. However, the jury also found that Kraskey had not failed to yield the right of way and that he was not speeding. By such finding it must be concluded that had Johnson looked the first time in manner as testified he ought then to have seen the Kraskey car. Kraskey testified that the apartment house limited his view as to traffic moving west on West Main street approaching Bassett street from the east. In addition, Kraskey's testimony on the subject of lookout was that when his car was approximately 12 to 15 feet south of the crosswalk he noticed the Johnson car approaching the intersection about 35 feet east of the stop sign. It appeared to him that Johnson was slowing his car. Kraskey assumed that Johnson would stop. An approaching car from the west on West Main street also attracted his attention when he first saw Johnson. After observing that car he looked to the right again and saw Johnson's car in front of him. While the evidence warranted the findings of failure of ordinary care as to lookout it does not appear that the negligence of both regarding lookout was

of the same nature and kind. Johnson not only had the duty of stopping his car but also that of making proper observation.

Under the jury's finding the conclusion is inescapable that Johnson ought to have seen the Kraskey car while his own car was stopped. He failed to do so. Obviously he was negligent as to lookout. Kraskey, after observing Johnson, had a duty to continue in such observation. The jury found that he failed somewhat in that respect. It is apparent that the negligence of these drivers with respect to lookout differs in kind and nature. The question of comparison of such negligence was for the jury.

Error is also claimed by appellant in that the trial court refused to change the jury's answer of the special verdict relating to negligence of Kraskey in failing to yield the right of way. As to whether the vehicle from the right, of two vehicles approaching each other at a highway intersection, has the right of way over the other vehicle is not determined by which enters the intersection first. Under our decision in *Vogel v. Vetting* (1953), 265 Wis. 19, 25, 26, 60 N. W. (2d) 399, the test of whether they are approaching "at approximately the same time" under the statute is rather whether there " 'would be imminent hazard of a collision if both continued the same course at the same speed.' "

In this case the right-of-way issue is complicated by the fact that the vehicle approaching from the right (that of defendant Johnson) was required under sec. 85.69, Stats., to come to a "full stop" within 30 feet of the near limits of the intersection, but sec. 85.18 (4) provides that after making such stop the provisions of sec. 85.18 (1), respecting right of way at intersections, apply. Counsel for appellants argues that inasmuch as the jury found that Johnson did stop for the arterial, he had the right of way, and as a matter of law the plaintiff Kraskey was guilty of negligence in failing to yield such right of way.

If physical stopping by Johnson of his car is all that was required of him in order to comply with sec. 85.69, Stats., there might be considerable merit to this contention. However, we are of the opinion that the legislature intended that the provisions of sub. (4) of sec. 85.18 required more than mere physical stopping of Johnson's car for the arterial in order to give him the right of way over Kraskey. In *Pettera v. Collins* (1930), 203 Wis. 81, 83, 233 N. W. 545, this court stated, speaking of an operator in Johnson's position:

" 'It was not enough to stop at the "Stop" sign. It was his duty to stop and to observe where stopping and observing would be efficient and meet the purpose of the "Stop" warning.' *Svenson v. Vondrak,* 200 Wis. 312, 227 N. W. 240."

Part of the legislative purpose, in requiring a driver to stop for an arterial within 30 feet of the near limits of the intersection is so that he can make such efficient observation with respect to approaching traffic, or the absence of it, upon the arterial. It, therefore, could not have been the legislative intent that a driver who physically stops his car for the arterial and then plunges ahead without making such an efficient observation so as to put his car in imminent danger of a collision with a vehicle approaching from his left would thereby enjoy the benefit of the statutory right of way.

A driver in the position of Kraskey proceeding on the arterial had the right to assume that Johnson would not only physically stop his car for the arterial but that he would also not plunge ahead into the intersection until he had made the observation incumbent upon him to ascertain whether he could with safety do so. It would, therefore, be absurd to hold that in spite of Kraskey having the right to act on such assumption, he *ipso facto* would be guilty of failure to yield the right of way, if Johnson did plunge ahead into the intersection without pausing to make such observation and a collision resulted. Under the facts and circumstances of this case,

the question of whether Kraskey was guilty of negligence in failing to yield the right of way clearly presented an issue of fact for the jury. Its finding in that respect may not be disturbed.

*By the Court.*—Judgment affirmed.