LAWRENCE, Appellant, vs. E. W. WYLIE COMPANY and another, Respondents.

*May 6—June 8, 1954.*

For the appellant there were briefs by *Alden Losby* of Eau Claire, and *Stafford, Pfiffner & Stafford* of Chippewa Falls, and oral argument by *Harold E. Stafford.*

·For the respondent E. W. Wylie, Inc., there was a brief by *Ramsdell, King & Carroll* of Eau Claire, and oral argument by *George Y. King.*

For the respondent Gem Van & Storage Company there was a brief by *Wilcox & Sullivan* of Eau Claire, and oral argument by *Francis J. Wilcox.*

·MARTIN, J. It is our opinion that the trial court properly sustained the demurrer of Gem Van & Storage Company.

The complaint alleges that the truck of this defendant was "parked adjacent to the northwesterly corner of said intersection in such position as to obscure vision for a driver traveling east on said County Trunk Highway E (Cameron drive), to the north, and to obstruct vision for a driver traveling on said Highway 12 and traveling southeast to his right and to the west on said County Trunk E," and that said defendant was negligent in so parking.

Sec. 85.19, Stats., prohibits the parking of a vehicle *"upon any highway* outside a business or residence district when it is practical·to park, stop, or leave such vehicle standing *off the roadway* of such highway" and specifically prohibits parking *"within* an intersection of highways."

Since the complaint alleges merely that the Gem truck was parked "adjacent" to the intersection, we can only conclude that it was parked in accordance with the statutory require-

ments. The complaint alleges no breach of duty which the Gem driver owed to users of the adjacent highways, and the demurrer was properly sustained.

On appeal from the second judgment, appellant contends that the operator of the Wylie transport carrier was negligent as a matter of law in violating sec. 85.40 (2) (a) and (b), Stats., which provides:

"(a) No person shall operate a vehicle at a speed greater than is reasonable and prudent under conditions and having regard for the actual and potential hazards then existing and the speed of the vehicle shall be so controlled as may be necessary to avoid colliding with any object, person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and using due care.

"(b) The operator of every vehicle shall, consistent with the requirements of paragraph (a), operate at an appropriate reduced speed when approaching and crossing an intersection. . . ."

Buffham testified that he had reduced his speed to no more than 35 miles per hour by the time he came to the front of the parked Gem van; that he made observation to the right and saw the Lawrence automobile approaching the intersection from the west. There was nothing about the speed of the automobile or the manner in which it was being operated which gave him reason to believe that Lawrence was not going to stop, since he testified that he watched the car continuously and "I keep tapping my brakes, not too hard because I figured that the man is going to stop." He exercised due care in operating his vehicle and had no reason to anticipate that Lawrence would not observe his duty to stop at the arterial. Upon this evidence we cannot say that Buffham was negligent as a matter of law. The question of his negligence was for the jury. *Lake to Lake Dairy Co-operative v. Andrews* (1953), 264 Wis. 170, 58 N. W. (2d) 685; *Roeske v. Schmitt* (1954), 266 Wis. 557, 64 N. W. (2d) 394.

In applying the provisions of sec. 85.40, Stats., quoted above, it seems to us that some dignity must be accorded to the use of an arterial highway. The purpose of establishing such a highway is to facilitate the continuous and rapid flow of traffic. In this case it was testified that at 35 miles per hour the vehicle Buffham was driving could not be stopped in less than 200 to 300 feet. If we were to hold, as appellant contends, that Buffham was negligent as a matter of law because he did not so reduce his speed that he could stop at the time it became apparent that Lawrence was not stopping, it would be tantamount to requiring such a heavy vehicle to stop at every intersection. The backlog and congestion of traffic thus brought about would defeat the purpose of the arterial and would create additional hazards.

The language of sec. 85.40 (2) (a), Stats., is such that it is seldom that its violation will be a question of law. Consideration of the many circumstances, conditions, and potentialities required by the statute makes it peculiarly a question for the jury. It was appellant's burden to establish by a preponderance of the evidence that Buffham was negligent as alleged in her complaint.

We see no merit in appellant's objection to counsel's argument that Buffham at the time just prior to the collision was in an emergency nor to the trial court's instruction on emergency. In our opinion the element of emergency was presented by the evidence and was a proper subject for argument and instruction. The jury had the right to conclude from the testimony that Buffham exercised due care in approaching the intersection, that he saw the Lawrence car as soon as it was possible for him to see it, and that when it became apparent that Lawrence was going to invade his path Buffham was confronted with an emergency. A driver on an arterial has no duty to anticipate that the user of an intersecting highway will not yield the right of way, *Clocherez v. Miller* (1952),

262 Wis. 492, 55 N. W. (2d) 881; *Kraskey v. Johnson* (1954), 266 Wis. 201, 63 N. W. (2d) 112; and it was well within the jury's province to conclude that the accident occurred solely because of the negligence of Lawrence; that in the emergency thus created Buffham could be required to do nothing other than he did in attempting to avoid the collision. *Pierner v. Mann* (1946), 249 Wis. 469, 25 N. W. (2d) 83.

*By the Court.*—Judgments affirmed.