GROLING, Appellant, vs. GOLTZ and another, Respondents.*

*September 7—October 5, 1954.*

* Motion for rehearing denied, with $25 costs, on January 11, 1955.

For the appellant there were briefs and oral argument by *Kenneth E. Worthing* of Fond du Lac.

For the respondents there was a brief by *George A. Hartman, Robert G. Hartman, Leo C. Hartman,* and *George A. Hartman, Jr.,* all of Juneau, and oral argument by *George A. Hartman.*

GEHL, J.  The collision occurred on October 17, 1951, at the intersection of Highways I and S in Dodge county. Plaintiff was driving south on I, an arterial highway. Goltz was approaching the intersection driving east on S. There was testimony that the cars came together in the southeast quadrant of the intersection. The jury might have determined from the testimony that the cars reached the intersection at approximately the same time or that one or the other of them reached it first. Plaintiff was found guilty of causal negligence with respect to yielding the right of way and as to management and control.

Several grounds are assigned as constituting error requiring a new trial. The court instructed the jury as follows:

"You are further instructed that if at the time of the accident you find that the defendant did in fact stop his car at the intersection and entered the intersection first or at approximately the same time as the plaintiff, that being on the right of the plaintiff such defendant had the right of way, and the plaintiff had the duty to yield the right of way to the defendant."

The charge was erroneous and prejudicial. *Vogel v. Vetting,* 265 Wis. 19, 60 N. W. (2d) 399; *Kraskey v. Johnson,* 266 Wis. 201, 63 N. W. (2d) 112. (In fairness to the trial judge it should be noted that this action was tried before the decisions in these cases were announced.)

Counsel for defendants upon cross-examination asked plaintiff, against objection, whether his driver's license had been suspended after the accident. The objection was over-

ruled and plaintiff was permitted to testify that it had been. Whether or not plaintiff had a license was immaterial in this case. *Derr v. Chicago, M. & St. P. R. Co.* 163 Wis. 234, 157 N. W. 753.

The questions put to one of plaintiff's witnesses as to her relationship to the plaintiff were improper. It had nothing to do with the issues of the case and the questions obviously could have been asked for but one purpose: To prejudice the jury against plaintiff. The questions were not objected to and if this were the only error appearing it would not suffice to require a new trial. But it is a part of an accumulation of the several incidents to which we have referred and which do require that there be a retrial.

Plaintiff contends, also, that the award of damages is so grossly inadequate as to indicate perverseness. Since there must be a new trial we consider it advisable not to discuss that contention.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.