BLOM, Respondent, vs. KUMBIER and another, Appellants.

*February 5—March 5, 1957.*

For the appellants there was a brief by *Holden & Schlosser* of Sheboygan, and oral argument by *John R. Holden.*

For the respondent there was a brief and oral argument by *Henry P. Hughes* of Oshkosh.

WINGERT, J. Appellant asserts prejudicial error in instructing the jury and in refusing to submit a requested question. We consider however that the judgment should be affirmed.

1. Instruction on right of way. The jury was instructed, in substance, that if Blom made a full stop in response to the arterial stop sign, then he had the right of way, and the question whether defendant was negligent in respect to yielding the right of way should be answered. Appellants contend it was error to give this instruction without the qualification that the stop must have been made where the driver could make an efficient observation of traffic on the intersecting highway, and that he should actually make such an observation. *Kraskey v. Johnson,* 266 Wis. 201, 207, 63 N. W. (2d) 112, is cited.

Sec. 85.18 (4), Stats. 1953, provides that a driver who has stopped as required by sec. 85.69 ("a full and complete stop") on entering the arterial, as well as drivers on the arterial, shall be subject to the provisions of sec. 85.18 (1), which provides that "when two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the

vehicle on the right, . . ." It is not contended that these statutory provisions are inapplicable to an acute-angle intersection of the "Y" type such as that here involved, and accordingly we treat them as applying.

In the present case Kumbier's car was the vehicle on the left, and as the jury found that Blom stopped at the stop sign, Blom had the statutory right of way unless he lost it by his conduct while and after stopping.

In *Kraskey v. Johnson*, 266 Wis. 201, 207, 63 N. W. (2d) 112, which involved an ordinary right-angle intersection, it was held that sec. 85.18 (4), Stats., requires more than a mere stop for the arterial, that it is also the driver's duty to observe at a point where observation would be efficient, and that the driver on the left had the right to assume that the one on the right would not only stop but would not "plunge ahead into the intersection" until he had made an observation whether he could do so safely.

In the present case there is no evidence that Blom was not in position to make an efficient observation of oncoming traffic from the left at the point where he stopped at the stop sign, and the photographs in evidence indicate that he had a clear view of the highway to the north. Neither do we find any evidence that Blom "plunged ahead" without regard to safety after stopping at the stop sign, so as to forfeit the right of way. He testified that he came to a full stop, looked up the road as far as he could see, waited until two cars from the north got past, started in second gear, and was only going 20 miles per hour when he was hit nearly 200 feet farther on. His testimony was undisputed save as it is claimed to be inconsistent with the implications of the skid marks. In finding that he stopped at the stop sign, the jury must have considered the skid marks as having little weight.

Blom was concededly guilty of negligent failure to maintain a proper lookout as he approached the intersection of

the traveled portions of the highway where his path and Kumbier's would cross; but that fact alone would not have warranted the jury in finding that he did not make a proper observation when he stopped at the stop sign or that he recklessly plunged ahead at that point without regard to safety. Kumbier was admittedly traveling at least 50 miles per hour and hence must have been several hundred feet north of the intersection when Blom started from his stop at the stop sign, more than 180 feet from the point of collision.

2. The instructions on right of way are further criticized as assuming that the vehicles approached or entered the intersection at approximately the same time, and not permitting the jury to find that Kumbier entered the intersection first.

We find no error. The court clearly told the jury that if the driver from the left is in the intersection ahead of the driver from the right by such a margin that it cannot reasonably be found that the two vehicles either approached or entered the intersection at approximately the same time, then neither driver has the statutory right of way.

Moreover, the evidence would not have sustained a finding that Kumbier was in the intersection first and that Blom did not enter at approximately the same time. The collision occurred less than 100 feet from the north end of the intersection, on the interpretation of "intersection" most favorable to Kumbier, and it is undisputed that Kumbier was traveling at least 50 miles per hour, which is 73 feet per second. Hence Kumbier could not have entered the intersection more than an instant ahead of Blom, and so they entered it at "approximately the same time."

Criticism is also voiced of the fact that the court read to the jury sec. 85.18 (1), Stats. 1953 (since renumbered sec. 85.18 (5)), and then stated that the latter part of the subsection is possibly not germane because not involving a

situation arising in the instant case. The last sentence of the statutory provision is as follows:

"The driver of a vehicle approaching but not having entered an intersection shall yield the right of way to a vehicle within such intersection and turning therein to the left across the line of travel of such first-mentioned vehicle; provided, the driver of the vehicle turning left has given a plainly visible signal of intention to turn as aforesaid."

Kumbier cannot have been prejudiced by the court's remarks, since there is no evidence that he gave a turning signal.

3. Refusal to submit question. Error is asserted in the court's refusal to include a question, duly requested by defendant, as to the position of plaintiff Blom's car on the highway.

A question was submitted as to whether Kumbier was negligent in respect to his position on the highway, and was answered "Yes." The propriety of that question and the sufficiency of the evidence to support the jury's answer are not challenged. Appellant's argument is that having submitted a question as to Kumbier's position, a like question with respect to Blom's position should also have been submitted.

We are unable to find any evidence in the record which would have warranted the jury in finding that Blom was negligent with respect to his position on the highway, and therefore we consider that the court acted within its proper discretion in declining to submit the requested question. There is no evidence that Blom deviated from the continuation into the intersection of the right-traveled lane of Highway 55. In staying in that lane he was proceeding properly. In an intersection of the type here involved, where one intersecting highway meets the other at a very acute angle in a long, sweeping curve, sec. 85.17 (2), Stats., is not to be

construed as requiring the left-turning car to keep to the left of the center of the intersection. *Eberdt v. Muller,* 240 Wis. 341, 354, 2 N. W. (2d) 367, 3 N. W. (2d) 763.

4. Instruction as to position on highway. The court read to the jury the first part of sec. 85.15 (1), Stats., requiring operation "upon the right half of the roadway," a slow-moving vehicle to be operated as closely as practical to the right edge or curb; and defined "roadway" as meaning the portion of the highway commonly used for vehicular travel. The instruction went no further, except that the jury should answer the question as to Kumbier's negligence with respect to position on the highway "Yes" or "No" depending on where he was operating his car at the time he made his turn into Highway 114. Appellant urges (citing *Eberdt v. Muller,* 240 Wis. 341, 355, 2 N. W. (2d) 367, 3 N. W. (2d) 763), that the jury should have been told how each driver should have properly traversed the intersection.

While the instruction might have been expanded and thereby made more informative, it is not clear how it could have been prejudicial to Kumbier, in the light of the evidence. However, we need not pass on that question, because the record does not disclose that a more-adequate instruction was requested. Where instructions are incomplete, and do not cover a point that ought to be covered, this court will ordinarily not reverse unless a timely request for an appropriate instruction was made to the trial court. *Madison Trust Co. v. Helleckson,* 216 Wis. 443, 456, 257 N. W. 691; *Grinley v. Eau Galle,* 274 Wis. 177, 179, 79 N. W. (2d) 797. That rule is particularly pertinent here, for the application of sec. 85.15 (1), Stats., and allied traffic statutes to an acute-angle "Y" intersection raises unusual and difficult questions which the trial court should not be expected to expound to the jury in detail without timely assistance from counsel.

5. Denial of requested instruction. At the close of the evidence defendant orally requested an instruction to the general effect that undisputed physical facts warrant disregard of contrary human testimony. The occasion for the request was evidence of skid marks 82 feet long leading up to the rear of Blom's car, which appellant argues show beyond question that Blom's testimony that he stopped at the stop sign and then moved ahead slowly was incredible, since the car would have had to be going very fast to have slid the wheels 82 feet. The court did not expressly rule on the request, but the requested instruction was not given, although the jury were told generally that they should consider carefully such matters as measurements, skid marks, positions of cars, photographs, etc. At the close of the instructions, the court asked counsel if any additions or corrections were wanted, and both counsel answered "No."

In the circumstances, the request having been made orally only and at the close of the testimony, and an opportunity having been offered to renew the request, we think that it was waived by telling the court nothing more was wanted.

In any event, we think the court acted within the bounds of permissible discretion in not giving the instruction as requested. The probative value of the testimony of witnesses is not destroyed by physical facts, unless the physical facts are irrefutably established and permit of only one deduction. *Kleckner v. Great American Indemnity Co.* 257 Wis. 574, 577, 44 N. W. (2d) 560. Here there was room for the jury to doubt that the skid marks disproved Blom's positive testimony that he stopped for the arterial. Hence Kumbier was not entitled to the requested instruction as a matter of law.

6. Finally, appellants urge that a new trial should be granted because the verdict is against the greater weight of the evidence and is based on passion and prejudice, and justice has not been done. This contention is based largely

upon the asserted incompatibility between the skid marks behind Blom's car and the jury's finding that he stopped at the stop sign.

It would serve no purpose to discuss the facts in greater detail than appears above. In his decision on motions after verdict, the learned trial judge stated that he was in complete accord with the special verdict and expressed the opinion that justice was done. His considered opinion is entitled to great weight. We have examined the record with care, and cannot say he was wrong.

*By the Court.*—Judgment affirmed.