NOTHEM, Plaintiff, vs. BERENSCHOT and others, Defendants. [Two appeals.]

*March 5—April 8, 1958.*

586

For the plaintiff there was a brief and oral argument by *Thomas M. Corrigan,* attorney, and *Morris Karon* of counsel, both of Milwaukee.

For the defendants Orlon W. Berenschot and the State Farm Mutual Insurance Company there were briefs by *Kivett & Kasdorf,* attorneys, and *John R. Henderson* of counsel, all of Milwaukee, and oral argument by *Mr. Henderson.*

For the defendant James Schmechel there was a brief and oral argument by *Emmet McCarthy* of Marinette.

WINGERT, J.   Berenschot appealed from the entire judgment, including that part dismissing his cross complaint against Schmechel for contribution.  Schmechel does not contend that the bill of exceptions was not timely served on him. The controversy between Berenschot and Schmechel as to the former's right to have contribution from Schmechel is therefore before us on the merits, and to dispose of it we must

consider the bill of exceptions, whether or not it was properly served on plaintiff.

Since the evidence contained in the bill of exceptions must thus be considered, and clearly supports the whole of the verdict and judgment, we shall dispose of the entire case on that ground. Therefore it is unnecessary to consider the questions raised by the appeal from the order extending the time for serving the bill of exceptions, and that appeal will be dismissed as moot.

1. *Sufficiency of evidence.* Appellant Berenschot attacks the jury's finding that he was negligent with respect to operating his automobile on the wrong side of the highway, asserting that such finding is not supported by credible evidence. We find no merit in this contention.

The collision occurred at the crest of a hill on an east-west road. Berenschot, accompanied by the plaintiff, was driving toward the east at about 40 miles per hour. Schmechel was westbound at about the same rate of speed. Owing to the hill, neither driver could see the other until they were 100–150 feet apart. The position of the cars with respect to the center of the road was in dispute. Immediately before the collision, in an attempt to avoid it, Berenschot swerved to his right and Schmechel turned to his left. The left front part of Berenschot's car hit the front of Schmechel's car. All the debris that was found was in the south half of the road.

The only material dispute related to the position of the respective cars on the highway immediately before each driver swerved to the south in an attempt to escape collision. There was testimony that Berenschot was driving on his proper side of the road, and that Schmechel was in the middle of the road with his left wheels on Berenschot's side. Plaintiff Nothem testified that both cars were driving in the center of the road as late as 50 feet before the impact. On the other hand, Schmechel testified unequivocally that when he first

saw Berenschot's car some 150 feet away, Schmechel was on his own side of the road and Berenschot was on Schmechel's side, and that Berenschot did not vary his position as he approached. Schmechel denied that his left wheels were in the south half of the road, and he definitely placed Berenschot on the north side.

On this evidence, the jury was within its province in believing Schmechel's testimony that both cars were in the north lane immediately before they swerved to avoid impact, and hence that Berenschot, and Berenschot alone, was negligent with respect to driving on the wrong side of the road.

Appellant argues that the location of all of the debris from the accident on the south half of the highway renders Schmechel's testimony incredible, under *Strnad v. Co-operative Insurance Mutual,* 256 Wis. 261, 40 N. W. (2d) 552, and similar cases in which we have held that established physical facts may destroy the credibility of testimony inconsistent with such facts. We have also held, however, that the probative value of testimony is not destroyed by physical facts unless the physical facts are irrefutably established and permit of only one deduction. *Blom v. Kumbier,* 275 Wis. 227, 235, 81 N. W. (2d) 528.

In the present case the physical fact that the debris was found on Berenschot's side of the road permits of more than one deduction. The jury may well have concluded from all of the evidence that immediately before the collision both cars were on Schmechel's side of the road, that in the emergency thus presented both swung to the south in order to avoid collision, and that therefore the collision took place on the south side of the road, or near enough to the south side so that momentum carried the debris into the south portion. Such an explanation of the accident is entirely compatible both with the presence of the debris on the south half of the road and with the jury's finding that immediately before the accident Schmechel was on the north side where he belonged.

2. *Refusal to instruct.* Berenschot made a proper and timely request for an instruction, in substance that the jury should not ignore or disregard the direct, positive evidence of witnesses who made measurements as to certain disputed facts, and in disregard of such evidence find the fact to be in accordance with the contrary testimony of witnesses who merely estimated or gave their judgment without making measurements; and that the testimony of witnesses who have measured distances and contemporaneously made memoranda thereof is of greater weight than the testimony of those who merely give their recollection not based upon evidence. The instruction was not given.

Refusal of the requested instruction was within the proper discretion of the trial court, and could not have been prejudicial. The only pertinent testimony as to measurements related to location of the debris on the road, as to which there was no dispute. The only fact in issue was the location of the cars immediately before they swerved to the south in an effort to avoid collision. There was no evidence that measurements were made as to those positions. Therefore the requested instruction was not pertinent to any fact in issue, and it was properly refused.

3. *Inadequate appendix.* The appendix attached to appellant's brief is inadequate in failing to set forth material testimony tending to sustain the verdict. Rule 6 (5) (c) of this court requires that the appendix contain an abridgment of so much of the bill of exceptions as is necessary and material to a consideration of the questions involved, and contemplates that such abridgment shall contain not only the testimony favorable to appellant's contentions, but also that tending to support the verdict on the points in controversy. Rule 7 (4) permitting respondent to file a supplemental appendix does not relieve appellant from his obligation to incorporate in his own appendix a fair abridgment of the material evidence on both sides of the disputed questions.

Since appellant's appendix in the present case fails to make a fair presentation of the evidence adverse to his contentions, we shall allow double costs to respondent Nothem, who printed a supplemental appendix. *Henschel v. Rural Mut. Casualty Ins. Co.* 2 Wis. (2d) 466, 86 N. W. (2d) 633.

*By the Court.*—Judgment affirmed, appeal from order dismissed. Respondent Nothem may tax double costs.