GILE and others, Appellants, v. WIDHOLM and another, Respondents.

*June 6—June 29, 1962.*

276

For the appellants there was a brief and oral argument by *Richard J. Callaway*, attorney, and *Robert D. Martinson* of counsel, both of Madison.

For the respondents there was a brief by *Roberts, Boardman, Suhr, Bjork & Curry*, attorneys, and *Kenneth T. McCormick, Jr.*, of counsel, all of Madison, and oral argument by *Mr. McCormick* and *Mr. Glenn D. Roberts*.

CURRIE, J.  Plaintiffs advance three contentions on this appeal:

(1) That the evidence establishes as a matter of law that Mrs. Widholm violated the provision of a safety statute, sec. 346.31 (3) (c), in making a left turn into Doty street;

(2) That the trial court committed prejudicial error in its instructions to the jury; and

(3) That a new trial should be granted in the interests of justice.

*Alleged Violation of Safety Statute.*

Sec. 346.31 (3) (c), Stats., requires a driver in making a left turn onto a one-way street to use "the lane next to the

left-hand curb or edge of the roadway." Plaintiffs argue that, because the point of impact was at about the center of Doty street, some portion of Mrs. Widholm's car must have been to the west or right of the center line at the time the boy was struck. However, sec. 346.31 (3) (c) does not require that a driver, after making a left turn into a one-way street, continue in the left-hand lane. Therefore, we do not consider that the evidence establishes as a matter of law that Mrs. Widholm violated this statute in making her left turn.

Furthermore, plaintiffs are not entitled to raise the violation of this safety statute for the first time on appeal. Plaintiffs made no request that a question be submitted in the special verdict inquiring as to Mrs. Widholm's negligence with respect to violating such statute. Therefore, they are foreclosed from raising this issue as a matter of right on appeal. *Scalzo v. Marsh* (1961), 13 Wis. (2d) 126, 141, 108 N. W. (2d) 163.

### *Jury Instructions.*

In its instructions to the jury, the trial court charged that the negligence of a child depends upon his age, capacity, discretion, knowledge, and experience. This is substantially the instruction approved by this court in *Brice v. Milwaukee Automobile Ins. Co.* (1956), 272 Wis. 520, 525, 76 N. W. (2d) 337. However, later the court, in defining negligence as applied to the adult defendant Widholm, charged that "every" person is negligent when such person fails to exercise the degree of care which would be exercised by a reasonably prudent person. Plaintiffs contend that this latter portion of the charge was erroneous without a clear statement that the definition therein applied only to the adult defendant.

We find it unnecessary to pass on this alleged error. This is because the jury absolved Mrs. Widholm of all negligence. It is not claimed that the instructions were too

favorable to her, but rather that they were unfavorable to the minor plaintiff. However, unless some negligence could be established against Mrs. Widholm it is immaterial whether the boy was found guilty of negligence.

*New Trial in the Interests of Justice.*

The real basis of plaintiffs' appeal in this case is their request for this court to exercise its discretionary power under sec. 251.09, Stats., to order a new trial in the interests of justice. However, this court will not exercise this discretion unless it has been convinced that there has been a probable miscarriage of justice, viewing the case as a whole. *Scalzo v. Marsh, supra,* page 146; *Minkel v. Bibbey* (1953), 263 Wis. 90, 56 N. W. (2d) 844. After a careful reading of all the record testimony bearing on negligence issues, we are not convinced that there was any probable miscarriage of justice in the jury's verdict which resulted in no recovery of damages by the plaintiffs.

The strongest argument advanced by plaintiffs is that Mrs. Widholm had ample time to have stopped her car before striking the child. They base this on her testimony, in response to a question put by the court, that about ten seconds elapsed between the time she first saw the boy in the street and the impact. The trial judge, apparently doubting the correctness of this estimate, questioned her further. She then reduced the time element to six or eight seconds, but added that she was not sure of her estimate.

The jury must have considered Mrs. Widholm's time estimate clearly erroneous, and so do we. We deem her testimony, that she applied the brakes as soon as she saw the boy in the street, as being more in accordance with the established facts. Therefore, we find no probable miscarriage of justice.

*By the Court.*—Judgment affirmed.