COURT OF APPEALS
DECISION
DATED AND FILED

April 5, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1441**

Cir. Ct. No. 2021SC2033

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

CATHERINE LEIGH FLEISCHER,

PLAINTIFF-APPELLANT,

V.

CAREY-MARIE FLEMING,

DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Winnebago County: LAKEISHA HAASE, Judge. *Affirmed.*

¶1 LAZAR, J.[1] In a case involving the care and repair of over 600 fur coats, both sides have opted to cloak the record from this court while asking it to

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

review decisions made below without the benefit of meaningful assistance or even the trial court's actual findings or decision. First, appellant Catherine Leigh Fleischer fails to provide this court with the appropriate record to substantiate her argument that the trial court erred by awarding recovery for cleaning services rendered but not for repair services, by awarding inadequate attorney fees, and by conducting trial over two days "separated by 23 days." After initially advising this court that she had made arrangements for filing and service of the trial transcript, she then averred that no transcript was necessary.[2] It is the appellant who is responsible for making certain that there is a complete record for review by this court. *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26, 496 N.W.2d 226 (Ct. App. 1993) ("We are bound by the record as it comes to us."); *State Bank of Hartland v. Arndt*, 129 Wis. 2d 411, 423, 385 N.W.2d 219 (Ct. App. 1986). "When an appeal is brought upon an incomplete record, this court will assume that every fact essential to sustain the trial court's decision is supported by the record." *Suburban State Bank v. Squires*, 145 Wis. 2d 445, 451, 427 N.W.2d 393 (Ct. App. 1988); *D.L. v. Huebner*, 110 Wis. 2d 581, 597, 329 N.W.2d 890 (1983).

¶2 Next, respondent Carey-Marie Fleming decided not to file a response brief, and in a letter to the court dated January 31, 2023, indicated that she was standing by the trial court's "well-reasoned Order." But Fleming did not supplement the record or ensure that the trial court's de novo findings and ruling

---

[2] It is the obligation of the appellant to designate which transcripts (or portions thereof) are necessary for the appeal and to make the necessary payment arrangements. *See* WIS. STAT. RULE 809.11(4)(a); *Butcher v. Ameritech Corp.*, 2007 WI App 5, ¶35, 298 Wis. 2d 468, 727 N.W.2d 546 (2006).

were transcribed and filed in the appellate record.[3] As discussed below, this is a tacit abandonment of a defense by the respondent. *See* WIS. STAT. RULE 809.83(2).

¶3     Regardless of the obvious failures of both sides to fully and sufficiently present their issues and arguments to this court, it is the appellant who has the burden to ensure that there is a sufficient record to review the issues she raises. *See **Butcher v. Ameritech Corp.***, 2007 WI App 5, ¶35, 298 Wis. 2d 468, 727 N.W.2d 546 (2006). Clearly, it is the appellant who seeks review and, appropriately, she must bring her issues, arguments, and proof to this court by designating the necessary record so there is something—anything—for this court to consider on appeal. Without any transcripts filed in this appeal, this court must "presume that every fact essential to sustain the [trial] court's decision is supported by the record." *See **id.***; *see also **Streff v. Town of Delafield***, 190 Wis. 2d 348, 353 n.2, 526 N.W.2d 822 (Ct. App. 1994). And, while there is an apparent abandonment by respondent Fleming, it is not appropriate to summarily reverse given the totally insufficient record.

¶4     By way of background, Fleming utilized Fleischer's services to maintain, store, and repair her extensive collection of furs for approximately four

---

[3] The respondent may move the court for an order requiring the appellant to request necessary portions of the transcript should the appellant fail to do so at the start of the appeal. *See* WIS. STAT. RULE 809.11(5); ***Nothem v. Berenschot***, 3 Wis. 2d 585, 590-91, 89 N.W.2d 289 (1958) (awarding double costs to respondent for supplemental appendix when appellant's appendix "fail[ed] to set forth material testimony tending to sustain the verdict").

years. The parties entered a nonstandard contract[4] a few months after they began their business relationship. Pursuant to this contract, Fleming enjoyed reduced rates for fur conditioning, storage, and repair in exchange for her promise to purchase $1,350-$2,350 per month in services. After approximately three years of what Fleischer characterizes as "[b]usiness as usual" under this contract, the parties decided to end their business relationship. According to Fleischer, she returned the sixty-five fur coats belonging to Fleming that she had in storage, providing documentation of work done for each piece together with a final bill. Fleming elected to pay the balance according to the previously established monthly budget cycle rather than in a lump sum, but shortly thereafter Fleming issued a stop payment on the first check she provided for $1,650. Fleischer then commenced her lawsuit, seeking the $6,355.50 reflected in the final bill.

¶5 The court commissioner awarded full recovery to Fleischer and dismissed Fleming's counterclaim for damages due to allegedly faulty repair work, which the commissioner found was not supported by expert testimony. Fleming requested de novo review. After a trial held on two separate days (May 4

---

[4] Also unknown to this court is whether the trial court, on de novo review, upheld the court commissioner's finding that the nonstandard contract (a letter signed by both parties on September 3, 2015) was in addition to or replaced the "Conditions and Stipulations" that Fleischer apparently included on the back of the individual "Service Agreements" (the documents that itemized the work to be performed by Fleischer). Only two out of the seven of those Service Agreement forms in the record appear to be signed by Fleming.

and May 27, 2022), in which Fleischer was represented by counsel for the first time, the trial court awarded a reduced judgment of $4,530[5] with $150[6] in attorney fees and $116.50 in costs. On appeal, Fleischer seeks the entirety of the $6,355.50 she contends she is owed for services rendered on Fleming's furs in addition to the $4,000[7] she says she spent in attorney fees for the de novo hearing. As mentioned, Fleming notified this court by letter that "[g]iven the [trial court's] well-reasoned Order and the expense/stress this matter has caused," she would not be filing a response brief in Fleischer's appeal.

¶6      The timely filing of a respondent's brief is required under the rules of appellate procedure. WIS. STAT. RULE 809.19(3). Failure to comply with the rules of appellate procedure or a court order in the typical case "is grounds for dismissal of the appeal, summary reversal … or other action as the court considers appropriate." WIS. STAT. RULE 809.83(2). When a respondent fails to file a response brief, this court usually rules in the appellant's favor because "[f]ailure to file a respondent's brief tacitly concedes that the trial court erred." *State ex rel.*

---

[5] This court has endeavored over and over, to no avail, to figure out how the reduced judgment amount awarded by the trial court was calculated. As this court has previously stated, "'Judges are not like pigs, hunting for truffles buried in briefs' or in the record." *State v. Arndt*, No. 2022AP450-CR, unpublished slip op. ¶10 (WI App Oct. 12, 2022) (citation omitted) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)). Aside from finding a notation of the figure $4,530 handwritten on trial Exhibit 9, the numbers simply do not add up.

[6] Again, there is no finding or conclusion set forth to explain the $150 attorney fees award in the incomplete record before this court. Statutory attorney fees should have been set at $300 due to the fact the award exceeded $1,000 but was less than $10,000. *See* WIS. STAT. §§ 799.25(10) and 814.04(1). Instead, for reasons not known, the trial court awarded $150.

[7] Fleischer seeks attorney fees in an amount that is not substantiated by an invoice in the record. And, any testimony as to the requested $4,000 in fees could have been addressed and resolved by the trial court on the record. The failure to provide that record—that transcript— leaves this court hunting for those truffles, something that it is not required to do, much less something that it is completely unable to do given the incomplete appellate record.

*Blackdeer v. Township of Levis*, 176 Wis. 2d 252, 260, 500 N.W.2d 339 (Ct. App. 1993) (citation omitted). But, taking that concession to heart here is not appropriate given the flimsy state of the record provided by Fleischer.[8]

¶7 "[I]t is the burden of the appellant to demonstrate that the trial court erred." *Seltrecht v. Bremer*, 214 Wis. 2d 110, 125, 571 N.W.2d 686 (Ct. App. 1997). In this case, Fleischer cannot meet that burden on her arguments that the trial court erroneously reduced her award (apparently removing repair costs) and erroneously awarded only $150 in attorney fees because she does not include *any* of the trial court's reasoning on any issue.[9] She cannot prevail on her appeal when she is unable to demonstrate that there were errors by the trial court in its deliberations because none of that court's reasoning is reflected in the appellate record.

¶8 In addition, this court applies a deferential standard of review regarding a trial court's award of attorney fees. *Bettendorf v. Microsoft Corp.*, 2010 WI App 13, ¶16, 323 Wis. 2d 137, 779 N.W.2d 34 (Ct. App. 2009). Parties seeking to be paid "bear the burden of demonstrating the reasonableness of their fees." *Id.* A trial court's decision will be upheld unless it erroneously exercised its discretion. *Kolupar v. Wilde Pontiac Cadillac, Inc.*, 2004 WI 112, ¶22, 275 Wis. 2d 1, 683 N.W.2d 58. Appellate courts "do not substitute our judgment for

---

[8] But for Fleischer's failure to file transcripts or otherwise complete the record, this court would likely have summarily reversed due to Fleming's disregard of appellate rules.

[9] Fleischer's last issue for appeal—that she was harmed by the fact that the trial court held the de novo hearing on two non-consecutive days (twenty-three days apart) is without merit. Fleischer offers nothing to support her argument that the time delay prejudiced her. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (stating that appellate courts need not consider arguments that are inadequately supported by factual and legal citations or are undeveloped).

the judgment of the [trial] court, but instead probe the court's explanation to determine if the court 'employ[ed] a logical rationale based on the appropriate legal principles and facts of the record.'" *Id.* (second alteration in original; citation omitted).

¶9 Fleischer cannot prevail due to her failure to provide a sufficient record and to demonstrate how the trial court erred in its reasoning as to any of the issues she raises. This court must assume that the trial court's findings and ruling were supported by the record and that it appropriately exercised its discretion regarding the award of attorney fees. Thus, its decision is affirmed.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.